SUTTON, administrator, *et al. vs.* WILLIAMS *et al.,* and CASE *vs.* SUTTON, administrator, *et al.*

1. Where a case involving the accounts of a guardian and the liabilities of two sets of sureties on his bonds, was referred to an auditor, who made a report disallowing certain credits claimed by the guardian in his returns for board of his wards, referring to such returns in the report, there was no error in admitting such returns, and considering them to explain the auditor's report, which otherwise would be doubtful of comprehension, although there were no exceptions to the report.

2. Where a guardian was appointed and gave bond, and subsequently one of the sureties, upon application, was released and discharged, and the guardian was required to give a new surety, which he did, on a subsequent proceeding by bill in equity, on behalf of the wards, to recover from all the sureties for a *devastavit* of the guardian, the liability of the discharged surety and the second surety was not joint but several, both being primarily

liable to the wards and, as between themselves, the last surety being first bound. Therefore the decree should have been rendered in favor of the ward against the second surety for the whole liability of the guardian, and against the legal representative of the first surety (he being dead) for the liability which accrued while he was surety and before his discharge; and the rights and liabilities of the sureties between themselves was a matter to be settled subsequently between them.

January 25, 1886.

Evidence. Guardian and Ward. Principal and Surety. Before Judge FAIN. Dade Superior Court. March Term, 1886.

Reported in the decision.

GRAHAM & GRAHAM, for Sutton, administrator.

R. J. McCAMY; W. U. & J. P. JACOWAY, for Williams.

LUMPKIN & BROCK; McCUTCHEN & SHUMATE, for Case.

BLANDFORD, Justice.

David Williams died in 1867, leaving D. Williams and A. J. Sammons, two minor heirs, and in 1867, William Jenkins was appointed guardian of said minors, and Leroy Sutton and M. Nicholas became the sureties of the guardian on his bond. On the 11th of September, 1875, Leroy Sutton was discharged, on his application to the ordinary, from future liability on the bond, and Jenkins was required to give a new bond, which he did, with James A. Case as surety on the second bond. William Jenkins, the guardian, has died insolvent, and there has been no representation on his estate. Leroy Sutton also died, and James M. Sutton has been duly appointed the administrator upon the estate of said Leroy Sutton, deceased. Williams and Sammons, the minor heirs at law of David Williams, deceased, filed their bill against M. Nicholas, J. M. Sutton, administrator of Leroy Sutton, deceased, and James A.

Case, the sureties on the bond of Jenkins, the deceased guardian, to recover what was due and owing them from their deceased guardian, Jenkins. The matters involved were referred to an auditor, and he made a report. There being no exceptions filed thereto, the court confirmed the same. The counsel for complainants offered to read the returns made by Jenkins to the ordinary in explanation of the auditor's report, which returns were referred to in the report, so as to show what amount was due the wards on the 11th September, 1875, when Leroy Sutton, one of the sureties, was discharged, and also to show that the whole estate then in the guardian's hands had been absorbed under charges for board for the wards, which charges were disallowed by the auditor. To this the counsel for Sutton objected. The court overruled the objection, and counsel for Sutton excepted, and this is the first error assigned. Thereupon, the parties admitted that the items disallowed by the auditor were greater than the balance due by the guardian on 11th September, 1875, when Sutton, the surety, was discharged.

1. There was no error in admitting this evidence to explain the auditor's report, as the same was doubtful of comprehenson as it stood, and as the returns were referred to by the auditor in his report.

2. The court then decreed that James A. Case was concurrently liable with Leroy Sutton and M. Nicholas for all waste committed prior to 11th September, 1875, and concurrently with M. Nicholas for all subsequent waste; and that complainants recover of J. M. Sutton, as administrator of Leroy Sutton, deceased, M. Nicholas and J. A. Case, the sum of $293.60, for which separate execution may issue to be levied of the property of James A. Case, of M. Nicholas, and of Leroy Sutton in the hands of J. M. Sutton, administrator, to be administered, the estate of Leroy Sutton to be held jointly liable with the other defendants; and that complainants recover of M. Nicholas and James A. Case the sum of $281.48, for which execution may issue;

and that the property of James A. Case shall be liable to settle the amount due for waste occurring after 11th day of September, 1875, as above set out, before any part of it shall be applied to the payment of amount due for waste before the release of Sutton. This decree is specifically excepted to by Sutton and error assigned. Case excepted because the court refused to decree that Sutton was primarily liable as to *devastavit* committed before his release; that Case was liable first for the whole *devastavit* committed by the guardian, and Sutton was only liable after him; and that Sutton was not liable primarily to Case for waste committed before his release on the bond, as made by the cross-bill of exceptions. Section 1817 of the code provides that the surety of the guardian may complain, and the ordinary may discharge the surety, and such guardian shall be discharged from his trust unless he gives new and sufficient security, and that such new sureties shall be liable as well for past as future waste or misconduct of the guardian. Such discharged surety shall be relieved only from the time the new security shall be given. It is manifest that the last surety shall be liable first for any waste of the guardian, and while the sureties on both bonds are liable to the wards severally primarily as between themselves, the last sureties on the bond are first bound. There is no joint liability between the discharged surety and the second surety, but the same is several; so that the decree should have been against Case for the whole liability of the guardian, and against Sutton, administrator, for the liability which accrued while he was surety and before he was discharged as such surety. This was the decree complainants were entitled to; and the rights and liabilities of these sureties, as between themselves, was a matter to be settled subsequently between them.

Judgment reversed.